```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

|  |  |
|---|---|
|  | MDL NO. 1643 |
| IN RE: EDUCATIONAL TESTING<br>       SERVICE PRAXIS | SECTION: R(5) |
|       PRINCIPLES OF LEARNING<br>       AND TEACHING: GRADES |  |
|       7-12 LITIGATION | JUDGE VANCE<br>MAG. JUDGE CHASEZ |

### ORDER AND REASONS

Before the Court is a motion for partial reconsideration by plaintiffs Michelle Kochensky and Brian Welsh.  For the following reasons, the Court DENIES the motion.

### I.    BACKGROUND

The procedural background of this case is set forth in this Court's order of August 31, 2006, which approved a class action settlement of the litigation following a fairness hearing conducted on July 12, 2006.  Movants Michelle Kochensky and Brian Welsh objected to the settlement.  The Court considered their objections and allowed their counsel to appear and participate at

the settlement hearing.  The Court overruled the objections for the reasons stated in the August 31, 2006 opinion.  Kochensky and Welsh now seek reconsideration of the Court's decision.

**II.   LEGAL STANDARD - Motion for Reconsideration**

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba*.  *See Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985).  Nevertheless, the Fifth Circuit has held that a motion for reconsideration to reinstate a case may be classified under either Rule 59 or Rule 60, depending upon the time of filing.  *See id.; see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).  Because plaintiffs filed the motion within ten days of entry of the Court's August 31, 2006, order, the Court will treat it as a motion to reconsider under Rule 59.  Therefore, plaintiffs' request to reconsider the Court's order is a Rule 59(e) motion to "alter or amend the judgment." *See Pryor*, 769 F.2d at 285.

A district court has considerable discretion to grant or to deny a motion for reconsideration under Rule 59(e).  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A

court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

**III.  DISCUSSION**

The thrust of the movants' argument is that the Court misapprehended the nature of movants' counsel's objection to the requirement that false failures complete an expedited payment form in order to receive $500.  The Court addressed the objection in its August 31, 2006 order, finding that the approval process was fair, reasonable, and adequate.  (R. Doc. 137 at 37-38).  The

Court further found that requiring a claims process ensures accountability and helped prevent fraud. *Id.* The Court noted that a claim form is standard procedure in cases of this kind. *Id.*

In its opinion, the Court also stated that the objection appeared to be captious. *Id.* The Court based this statement on the suggestion by movants' counsel that the initial notice of settlement be accompanied by $500 checks. *Id.* As the Court discussed, including a check in the notice envelopes had the potential to confuse class members. *Id.* In addition, the Court-appointed disbursing agent Daniel Clavier testified at the fairness hearing that the checks would have to be drawn on the proceeds of the settlement. (Fairness Hr'g. Tr. at 167-68). But before the entry of the final judgment, the account would not have sufficient funds to pay the checks; in essence, the class members would be receiving worthless checks. *Id.* Movants now assert that this discussion reveals that the Court did not fully consider their objection.

Movants' objection was to the requirement that false failures submit claim forms in order to receive expedited payments of $500. Although movants' counsel did suggest that the notice packets could include checks, movants assert that counsel also suggested that the $500 payments could be made, at the time

of disbursement, to all false failures.  A claims process for the expedited payments was unnecessary, argue movants, because the names and addresses of the false failures are known, and the parties agree that each false failure is entitled to no less than $500.  Movants further assert that 2,000 of the false failures will receive nothing from the approved settlement.

The movants have advanced no grounds for reconsideration. Although the Court noted that counsel made an obviously unworkable suggestion, which suggestion in open Court betrayed a lack of forethought, the Court nonetheless addressed the objection in full.  The notice administrator and Court-appointed disbursing agent testified at the hearing as to the reasons a claims process is preferable.  (Fairness Hr'g. Tr. at 152-56, 166-67).  When asked about the use of claims forms in common fund settlements, the notice administrator testified that "[t]hey're always used."  *Id.* at 150.  The Court-appointed disbursing agent testified that, without a claims process, the chances of fraud increased.  *Id.* at 167.  Recovering money from individuals who fraudulently cashed settlement checks requires significant time and effort from the disbursing agent – at the expense of the settlement fund.  *Id.*  The Special Master further testified that sending unsolicited checks to unverified addresses can end up "cost[ing] a ton of money."  *Id*. at 115-16.  In such situations,

administrators "get to the point where you never close the case." *Id.* at 116.  As to the argument that the addresses of the vast majority of claimants were known at the time of the class action notice, the Special Master stated that changes in addresses can be substantial between the time of the notice and the time of the distribution.  *Id.* at 115.  For these reasons, the notice administrator, the Court-appointed disbursing agent, and the Special Master agreed that the expedited claims process was a relatively simple administrative device designed to lower costs without unduly burdening the claimants.  The only cost to the class members of the process is the requirement that participants complete a one-page, check-the-box form, and the benefit is greater accountability and reduced long-term administrative expenses.  The Court considered and rejected movants' arguments that a claims process was unnecessary.  Movants brought no evidence to support their position that the process at issue was burdensome.  Furthermore, their assumption that every single false failure has in fact suffered $500 in damages is not supported.  The Court finds that it did not commit a legal or factual error in finding the claims process to be fair and reasonable.  Accordingly, the motion must be denied.

**V.   CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the motion for partial reconsideration be DENIED.

New Orleans, Louisiana, this __15th__ day of November, 2006.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE