UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


                                              MDL NO. 1643

IN RE: EDUCATIONAL TESTING
       SERVICE PRAXIS                         SECTION: R(5)
       PRINCIPLES OF LEARNING
       AND TEACHING: GRADES
       7-12 LITIGATION                        JUDGE VANCE
                                              MAG. JUDGE CHASEZ


                        **ORDER AND REASONS**

    Before the Court is a motion for reconsideration by class member and settlement fund claimant Arnold Russell Williams. Also before the Court is a motion for injunction by Williams. For the following reasons, the Court DENIES the motion for reconsideration and DENIES the motion for injunction.


**I.   BACKGROUND**

    The extensive procedural background of this case is set forth in this Court's order of August 31, 2006, which approved a class action settlement of the litigation following a fairness hearing conducted on July 12, 2006.  On March 14, 2007, the Court

held a hearing to rule on individual appeals from the allocations made by the Special Master, as provided in the settlement agreement and detailed in the Court's August 31, 2006 order. Movant Arnold Russell Williams filed a timely individual appeal from the allocation of the Special Master.  Williams attended the hearing and addressed the substance of his appeal at the hearing. The Court denied the appeal for the reasons stated on the record. Williams now seeks reconsideration of the Court's decision. Williams also seeks an injunction preventing the Calcasieu Parish School System from canceling his health and life insurance for non-payment until resolution of this case.

**II.   MOTION FOR RECONSIDERATION**

A district court has considerable discretion to grant or to deny a motion for reconsideration.  *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly.  *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995).  The Court must "strike the proper balance" between the need for finality and "the need to render

just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.  To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"  *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

    Williams presents no arguments that would warrant reconsideration of the Court's ruling at the March 14, 2007 hearing.  Williams does not argue that he has newly discovered evidence that would affect the Court's decision.  He alleges that he discovered evidence at the hearing that was unknown to him before the hearing.  But that evidence was already before the Court and the Court considered it in reaching its conclusion.  Williams requests permission to call witnesses to prove the validity of his claims, but he does not demonstrate how the witnesses' testimony would alter the Court's determination, especially in light of the three rounds of evidentiary review that he has already been afforded.  Williams merely alleges that witnesses would allow him to "prove the validity of all my documents and . . . address . . . the new information that I found out during the hearing." (R. Doc. 247).  Williams must do

more than allege that the evidence will support his claim in order to receive reconsideration of a determination that has gone through two rounds of evidentiary review before the Special Master and one before the Court.  Further, Williams has not established that the Court erred in denying his appeal.  Williams does not point to any factual or legal conclusion that the Court made on the basis of the record that was in error.  Accordingly, the Court denies Williams's motion for reconsideration.

**III. MOTION FOR INJUNCTION**

The Fifth Circuit has held that a "district court has no power to grant an interlocutory or final injunction against a party over whom it has not acquired valid jurisdiction." *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 470-71 (5th Cir. 1985).  Williams requests that the Court enjoin the Calcasieu Parish School System from canceling his health and life insurance for non-payment until resolution of this case.  The Calcasieu Parish School System is not a party to this case and the Court has not established *in personam* jurisdiction over it.  Accordingly, the Court may not issue the requested injunction.

**V.   CONCLUSION**

For the foregoing reasons, the motion for reconsideration is DENIED.  Further, the motion for injunction is DENIED.


New Orleans, Louisiana, this <u>17th</u> day of April, 2007.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE